**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Premier Information Management, Inc., a Nevada corporation,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>Bank of America National Association, a foreign corporation,<br><br>　　　　　　Defendant. | No. CV 08-2265-PHX-FJM<br><br>**ORDER** |

      Premier Information Management, Inc. ("Premier") brings this action against Bank of America National Association ("Bank of America") alleging violations of state and federal law for improperly guaranteeing stock certificates. We have before us defendant's motion to dismiss (doc. 10), plaintiff's response (doc. 15), and defendant's reply (doc. 20).

      Bank of America is enrolled in the Securities Transfer Agents Medallion Program, which allows it to guarantee signatures on stock certificates so they may be transferred. From November 2005 through August 2006, defendant allegedly guaranteed fraudulent signatures enabling the transfer of Premier stock that had been wrongfully obtained by plaintiff's third-party consultants. In November 2008, plaintiff brought this action in the Superior Court of Arizona in Maricopa County alleging nine counts: (1) violation of the Arizona Uniform Commercial Code ("Arizona UCC") regarding the transfer of securities, A.R.S. § 47-8301 *et seq.*; (2) breach of contract; (3) aiding and abetting fraud in the sale of

1 securities pursuant to A.R.S. §§ 44-1991(A), 44-2001(A), & 44-2003(A); (4) aiding and
2 abetting fraud in the sale of securities pursuant to A.R.S. § 44-1991(A); (5) aiding and
3 abetting securities fraud pursuant to 15 U.S.C. § 78u-4(b)(4); (6) aiding and abetting fraud;
4 (7) negligent supervision; (8) violation of the Arizona Racketeer Influenced and Corrupt
5 Organizations Act ("RICO"), A.R.S. §§ 13-2301(D)(4)(b)(xvii), 13-2301(D)(4)(b)(xx), &
6 13-2314.04(L); and (9) breach of fiduciary duty. Defendant removed this action on the basis
7 of diversity and federal question jurisdiction and now moves to dismiss.

8 Defendant first argues that counts one, three, four, five, seven, and nine must be
9 dismissed because they are time barred. We agree. The parties agree that the causes of
10 action stated in counts three, four, five, seven, and nine must be brought within two years,
11 but they disagree as to when plaintiff's claims accrued. "As a general matter, a cause of
12 action accrues, and the statute of limitations commences when one party is able to sue
13 another." Gust, Rosenfeld & Henderson v. Prudential Ins. Co. of Amer., 182 Ariz. 586, 588,
14 898 P.2d 964, 966 (1995) (citations omitted). Arizona, however, recognizes a "discovery
15 rule" for certain claims so that "a cause of action does not accrue until the plaintiff knows
16 or with reasonable diligence should know the facts underlying the cause." Doe v. Roe, 191
17 Ariz. 313, 322, 955 P.2d 951, 960 (1998). Assuming, without deciding, that the "discovery
18 rule" applies in this case, plaintiff's claims were nonetheless brought more than two years
19 after they had accrued.

20 Plaintiff argues that the statutes of limitations did not commence until December 2006
21 when it discovered the full extent of defendant's involvement. However, "[a] plaintiff need
22 not know all the facts underlying a cause of action to trigger accrual." Id. at 323, 955 P.2d
23 at 961 (citations omitted). By plaintiff's own admission, it knew of defendant's allegedly
24 wrongful conduct "*vis-à-vis* [two stock issuances] in September 2006." Response at 5;
25 Complaint ¶ 23. This knowledge was sufficient for plaintiff's cause of action to accrue.
26 Because plaintiff's complaint was not filed until November 2008, counts three, four, five,
27 seven, and nine of plaintiff's complaint were not brought within two years and must be
28

dismissed as untimely. We need not, therefore, address defendant's arguments to dismiss for failure to state a claim as to these counts.

The parties disagree as to the statute of limitations that should be applied to plaintiff's Arizona UCC claim. Defendant argues that count one should be subject to a one year statute of limitations under A.R.S. § 12-541(5) because it is a claim based "[u]pon a liability created by statute." Plaintiff contends that count one should be treated as a common law breach of warranty claim subject to a four year statute of limitations. "'A liability created by statute' is a liability that comes into being solely by statute, and one which had no existence prior to the enactment creating it." Maricopa Municipal Water Conservation Dist. No. 1 v. Warford, 69 Ariz. 1, 8, 206 P.2d 1168, 1172 (1949) (citation omitted). Section 12-541(5) also applies to statutes "creating a new cause of action by altering certain elements of the common law." Murdock v. Balle, 144 Ariz. 136, 139, 696 P.2d 230, 233 (Ct. App. 1985).

Under Section 47-8206, a person who guarantees a signature on a security warrants that: "(1) [t]he signature was genuine; (2) [t]he signer was an appropriate person to indorse, or if the signature is by an agent, the agent had actual authority to act on behalf of the appropriate person; and (3) [t]he signer had legal capacity to sign." A.R.S. § 47-8306(A). Plaintiff has not shown a single case creating an action at common law with the same elements. Accordingly, plaintiff's claim under the Arizona UCC is subject to a one year statute of limitations under A.R.S. § 12-541(5) and must be dismissed as untimely. See Day v. Schenectady Discount Corp., 125 Ariz. 564, 568, 611 P.2d 568, 572 (Ct. App. 1980) (finding that a claim for liquidated damages under the Arizona UCC was a liability created by statute subject to a one year statute of limitations).

Defendant also argues that the Arizona UCC provides plaintiff's exclusive remedy in this case. We disagree. The Arizona UCC states that "unless displaced by the particular provisions of this title" common law claims "supplement its provisions." A.R.S. § 47-1103(B). Plaintiff's timely tort claims require consideration of factors and potential defenses beyond those encompassed by A.R.S. § 47-8306, and a fact finder could reach different verdicts on count one and plaintiff's tort claims without inconsistency. Moreover, other

1 courts have concluded that UCC statutory liability for a signature guarantor does not
2 comprehensively cover the field of available tort remedies.  See Southern Ohio Bank v.
3 Merrill, Lynch, Pierce, Fenner & Smith, Inc., 479 F.2d 478, 480-81 (6th Cir. 1973); Foucher
4 v. First Vermont Bank & Trust Co., 821 F. Supp. 916, 924 (D. Vt. 1993).

Finally, defendant argues that count eight, based on the Arizona RICO statute, must be dismissed because a criminal conviction is a necessary predicate to a claim.  A.R.S. § 13-2314.04(A) ("No person may rely on any conduct that would have been actionable as fraud in the purchase or sale of securities to establish an action under this section except an action against a person who is convicted of a crime in connection with the fraud").  Plaintiff contends that the Arizona RICO statute is internally inconsistent because racketeering, upon which liability may be based, is defined to include "intentional or reckless fraud in the purchase or sale of securities" and a "scheme or artifice to defraud."  A.R.S. § 13-2301(D)(4)(b).  We, however, find the statute to be clear–a civil racketeering claim may be brought for fraud in the purchase or sale of securities against any person "convicted of a crime in connection with the fraud."  A.R.S. § 13-2314.04(A).  Because defendant has not been subject to a criminal conviction in this case, count eight must also be dismissed.

Accordingly, **IT IS ORDERED GRANTING IN PART AND DENYING IN PART** defendant's motion to dismiss (doc. 10).  The motion is granted as to counts one, three, four, five, seven, eight, and nine; counts two and six remain.

DATED this 17th day of April, 2009.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge