**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Premier Information Management, Inc., | ) | No. CV-08-02265-PHX-FJM |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Bank of America, N.A., | ) | |
| Defendant. | ) | |

The court has before it Danette Miller's motion to intervene (doc. 55), plaintiff Premier Information Management, Inc.'s response (doc. 56), defendant Bank of America, N.A.'s notice of joinder in plaintiff's response (doc. 57), and Miller's reply (doc. 59). We also have before us the parties' stipulation for dismissal of action with prejudice (doc. 58).

**I.**

Plaintiff filed this action in November 2008 alleging that defendant engaged in improper conduct with respect to securities transfers in 2005 and 2006. On January 22, 2010, the parties filed a notice of settlement in advance of the close of discovery set for March 19, 2010. On February 9, 2010, Miller, a former executive officer and former shareholder of plaintiff, moved to intervene as of right or permissively under Rule 24, Fed. R. Civ. P. Miller's former husband, Thomas Miller, is plaintiff's Chief Executive Officer. She maintains that she does not wish to disrupt the parties' settlement. Rather, she seeks

information concerning the confidential settlement's terms and asserts an interest in 10% of its proceeds under an alleged agreement from August 2007.

**II.**

Intervention as of right and permissive intervention require a timely motion. Rule 24, Fed. R. Civ. P. We evaluate timeliness based on the stage of the proceedings, prejudice to other parties, and the reason for and length of the delay. United States v. Oregon, 913 F.2d 576, 588 (9th Cir. 1990).

Miller's motion comes over a year after this action was filed, after a notice of settlement, and about one month before the close of discovery. Although she disclaims any intention to disrupt the parties' settlement, intervention at this point would cause an undue delay. Miller had every opportunity to learn the timing of the parties' settlement negotiations. The parties publically requested a settlement conference with a Magistrate Judge in July 2009 (doc. 33), which was publically scheduled in December 2009 (doc. 49). At this point, intervention would also prejudice the parties by calling their settlement into question so close to the dispositive phase of this action.

Moreover, Miller fails to state a valid reason for her lengthy delay in seeking intervention. "A party seeking to intervene must act as soon as he knows or has reason to know that his interests might be adversely affected by the outcome of the litigation." Id. at 589 (quotation omitted). In her motion, Miller suggests that she believed that her interests were being protected through Thomas Miller until their divorce proceedings. In an August 2007 email offered in support of her alleged agreement to receive a portion of any settlement, however, Miller said that she wanted such an agreement taken care of before she filed for a divorce because she had "no trust in Tom to be honest during a divorce proceeding." Motion, Ex. A at 1. She obviously knew in 2007 that her interests would not be protected through Thomas Miller in any potential action. And she concedes that she knew this by the time that their divorce became final in July 2009, over six months before she sought intervention. In her reply, Miller contends instead that she first learned that her interests were not being protected when the settlement was reached and its terms were kept

confidential. As a former shareholder with an alleged personal interest in a potential settlement, however, she should have known that plaintiff was not representing her interests in this action. Because it is untimely, we deny Miller's motion to intervene as of right or permissively.

Finally, plaintiff requests an award of attorneys' fees incurred in responding to Miller's motion. We deny plaintiff's request because it is not warranted under the circumstances.

Accordingly, **IT IS ORDERED DENYING** Danette Miller's motion intervene (doc. 55).

Pursuant to the parties' stipulation (doc. 58), and for good cause shown, **IT IS FURTHER ORDERED DISMISSING** this action with prejudice. Each party shall bear its own attorneys' fees and costs.

DATED this 16th day of March, 2010.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge